UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROBINHOOD CASH SWEEP PROGRAM LITIGATION | Case No.  24-cv-07442-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 77 |

      Robinhood allows investors to trade stocks and other securities through its website and mobile app.  Those customers may enroll in a program in which Robinhood will deposit their uninvested funds into bank accounts where those funds will earn interest.  Robinhood pays its customers that interest, less a portion that it retains as a fee.  Plaintiff Basudeb Dey commenced this action to recover for Robinhood's alleged practice of keeping nearly all of the interest for itself and leaving just a minute fraction for its customers.  Most of his claims were previously dismissed with leave to amend.  (*See* Dkt. No. 48 (the "Prior Order").)  The case was then consolidated with a separate lawsuit filed by Plaintiff Sean Deeney, and Plaintiffs subsequently filed a consolidated complaint.  (*See* Dkt. No. 70 (the "Operative Complaint").)  Robinhood now moves to dismiss.  (*See* Dkt. No. 77 (the "Motion").)  For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.[1]

      ***Breach of Fiduciary Duty, Gross Negligence, Negligent Misrepresentations and Omissions, and Robinhood Markets, Inc.***  The Prior Order dismissed the breach of fiduciary

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

1

duty, gross negligence, and negligent misrepresentations and omissions claims. (*See* Prior Order at 2-9.) It also dismissed all claims to the extent asserted against Robinhood Markets, Inc. (*See id.* at 13.) In the Operative Complaint, Plaintiffs plead these claims solely "to preserve the record." (*See* Operative Complaint at 3 n.1, 7 n.9.) They also confirm in their opposition briefing that they are no longer actively pursuing these claims and are instead attempting to "preserve the record on appeal." (*See* Dkt. No. 83 at 9 n.4.) Accordingly, these claims will be dismissed without leave to amend.

   ***Unfair Competition Law.*** To bring UCL claims sounding in fraud, a plaintiff must allege reliance. *See Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 326-27 (2011). That requirement applies even if the plaintiff pursues fraud-based claims under the unfair or unlawful prongs of the statute (as opposed to under the fraudulent prong). *See Villarroel v. Recology Inc.*, 775 F. Supp. 3d 1050, 1063 (N.D. Cal. 2025). In that vein, Robinhood argues that the UCL claim should be dismissed, even though Plaintiffs bring only an unfair prong claim, because their allegations sound in fraud, and they insufficiently allege reliance. But as currently pled, Plaintiffs' UCL claim does not arise from alleged fraud or misrepresentations or omissions. Rather, as explained in the Prior Order, Robinhood allegedly acted unfairly by "retain[ing] almost all of the interest earned on the cash in the Program for itself, leaving almost nothing" for customers like Plaintiffs. (*See* Prior Order at 12; *see also* Operative Complaint ¶ 145.) Accordingly, any purported failure to sufficiently plead reliance does not sink the unfair prong claim. *See, e.g.*, *In re Facebook PPC Advert. Litig.*, No. 09-cv-03043-JF, 2010 WL 3341062, at *11-12 (N.D. Cal. Aug. 25, 2010) (declining to impose reliance requirement on unfair prong claim to extent based on non-fraud allegations).

   The Prior Order did dismiss the UCL claim for failure to sufficiently allege reliance without specifying whether the dismissal pertained only to the fraudulent prong, the unfair prong, or both. (*See* Prior Order at 11.) Now that Plaintiffs have removed most of their allegations of fraud from their UCL charging allegations, along with their fraud prong claim, they do not appear to be basing any component of their UCL claim on alleged fraud. (*See* Dkt.

No. 70-1 at 31); *see, e.g.*, *Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1019-21 (N.D. Cal. 2019) (court initially dismissed UCL claim for failure to sufficiently allege reliance and then declined to impose reliance requirement where amended pleading no longer premised UCL claim on alleged misrepresentations). Robinhood does identify some remaining charging allegations in the UCL section of the Operative Complaint referencing alleged concealment. (*See* Dkt. No. 86 at 7 (citing Operative Complaint ¶ 145).) To avoid any doubt, the UCL claim will be dismissed to the extent that it is based on alleged fraudulent concealment, as Plaintiffs do not dispute that they do not sufficiently allege reliance. *See, e.g.*, *Facebook*, 2010 WL 3341062, at *11-12 (dismissing unfair prong claim to extent based on insufficient allegations of fraud and denying dismissal to extent based on non-fraud allegations). Otherwise, though, Plaintiffs have stated a UCL claim.

Robinhood also argues that "[i]f the mere allegation that a customer received a 'low' interest rate—regardless of what was disclosed to them—sufficed to state a UCL unfairness claim, it would open the floodgates to litigation against depository institutions any time a customer felt they should have received more interest." (Dkt. No. 86 at 7.) But that is not Plaintiffs' claim. They do not complain that they received a low interest rate but rather that Robinhood earned interest on their deposits and kept nearly 100% of that interest for itself, and they allege that it was unfair for Robinhood to do so. In any event, this slippery slope policy argument is for the Legislature to address and not this Court.

The Prior Order also previously dismissed the UCL claim for failure to sufficiently allege the inadequacy of legal remedies. (*See* Prior Order at 11); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). Plaintiffs redress that deficiency by noting that their UCL claim covers a broader range of alleged conduct than does their sole remaining claim for breach of the implied covenant of good faith and fair dealing. (*See* Operative Complaint ¶¶ 156-57); *see, e.g.*, *Miller v. Philips N. Am. LLC*, No. 24-cv-03781-RFL, 2025 WL 582160, at *4 (N.D. Cal. Feb. 20, 2025). For example, the breach of implied covenant claim is limited to Robinhood's alleged failure or refusal to comply with a contractual obligation. (*See* Prior Order

at 9.)  But the unfair prong claim more broadly concerns unfair business practices.  (*See id.* at 11-13.)  That difference in scope satisfies the *Sonner* requirement because, to the extent that the unfair prong claim succeeds based on conduct outside the scope of any conduct actionable under Plaintiffs' claims for legal relief, that conduct was necessarily not adequately redressable by legal relief.  Contrary to Robinhood's assertion otherwise, this wider breadth of actionable conduct does not reduce to a contention that the "breach of implied covenant claim is harder to prove than the[] UCL claim." (*See* Dkt. No. 86 at 10.)  Instead, the two claims concern different conduct, some of which might overlap, and some of which is actionable solely under the UCL.

      **Breach of Implied Covenant of Good Faith and Fair Dealing.**  The Prior Order already held that this claim is adequately pled.  (*See* Prior Order at 9-11.)  It reached that conclusion, in part, because "Robinhood plausibly breached the implied covenant by exercising its discretion to set its own fee in a manner that frustrated those provisions of the contract [concerning the payment of interest to customers] and ran contrary to customers' reasonable expectations." (*See id.* at 10.)  Robinhood requests reconsideration of that determination, at least with respect to Dey, because "he now effectively concedes he never reviewed" the contractual provisions in question, and so any analysis based on his "reasonable expectations" is negated.  (*See* Motion at 8 n.1.)  Even assuming this argument was properly raised,[2] the Operative Complaint does not concede that Dey never reviewed the contractual provisions in question.  Although Dey removed his prior allegations of reliance from the UCL section of the Operative Complaint (*see* Dkt. No. 70-1 at 31), that was part of his removal of fraud-based allegations from his UCL claim and cannot be fairly read as admitting that Dey never reviewed those provisions.  Moreover, whether Dey actually reviewed the contractual provisions in question is not an element of his breach of implied covenant claim.  *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1048 (N.D. Cal. 2020) (reciting elements).

---

[2] Robinhood waived this argument by raising it in a footnote.  *See, e.g.*, *Cohodes v. MiMedx Grp., Inc.*, No. 22-cv-00368-RFL, 2024 WL 4353634, at *3 n.4 (N.D. Cal. Sept. 24, 2024).

*Injunctive Relief.*  Plaintiffs abandon their request for injunctive relief in their opposition briefing.  (*See* Dkt. No. 83 at 20-21.)  Accordingly, the request for injunctive relief will be dismissed without leave to amend.

*Conclusion.*  For the foregoing reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The breach of fiduciary duty, gross negligence, and negligent misrepresentations and omissions claims are **DISMISSED WITHOUT LEAVE TO AMEND**.
- To the extent asserted against Robinhood Markets, Inc., all claims are **DISMISSED WITHOUT LEAVE TO AMEND**.
- The UCL claim is **DISMISSED WITHOUT LEAVE TO AMEND** to the extent based on allegations of fraud and otherwise survives dismissal.
- The breach of implied covenant of good faith and fair dealing claim survives dismissal.
- The request for injunctive relief is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: November 10, 2025

RITA F. LIN
United States District Judge