UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BASUDEB DEY, et al., | Case No.  24-cv-07442-RFL  (RMI) |
| Plaintiffs, | |
| v. | **ORDER ON DISCOVERY LETTER BRIEF** |
| ROBINHOOD MARKETS, INC., et al., | Re: Dkt. Nos. 103, 104 |
| Defendants. | |

Before the court are two Joint Discovery Letter Briefs (dkts. 103 & 104.). For the reasons that follow, both are DENIED. As to the first Letter Brief (dkt. 103), Defendants Robinhood Financial LLC and Robinhood Securities, LLC ("Robinhood") request that the court compel Plaintiffs Basudeb Dey and Sean Deeney ("Plaintiffs") to produce documents and information pursuant to Robinhood's Requests for Production Nos. 7, 11–17, 21, 25, and 37, and Interrogatory No. 13. (*Id.* at Ex. A.) Those requests are related to Plaintiffs' accounts at other brokerages or monitoring of interest rates. *Id.* Robinhood also points to texts, emails, and private social media that might produce relevant evidence. (*Id.* at 4.) For their part, Plaintiffs argue that they have already produced information related to these accounts through their responses to interrogatories. (*Id.*) In addition, Plaintiffs argue that the dispute related to social media is not ripe, as "Robinhood first raised the issue of Dey's purportedly relevant Facebook posts on February 9, two days before the parties' February 11 conferral" and where "[t]o date, Robinhood has never proposed any search terms" and failed to engage. *Id.*

Rule 26(b)(1) governs the scope of discovery in federal cases and provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense. Fed. R. Civ. P. 26(b)(1). With respect to the first Letter Brief (dkt. 103), as Plaintiffs point out, the case "will be resolved by an objective determination of whether Robinhood breached the implied covenant of good faith and fair dealing, or was otherwise unfair." *Id.* at 4. The court agrees. Considering the claims in this case, the impending discovery deadline of March 31, 2026, for substantial completion of discovery (dkt. 101 at 2), the financial information already provided through interrogatory responses, and the burden and invasiveness associated with producing texts, emails, and the requested personal financial account documents, the court finds the request overbroad and unduly burdensome. Fed. R. Civ. P. 26(b)(1). This is especially true where several social media posts are already public, and the value of any of the private information is low in comparison to the needs of the case. Accordingly, Robinhood's Letter Brief (dkt. 103) is DENIED.

As to the second Letter Brief (dkt. 104), Plaintiffs are seeking documents and information related to Robinhood's U.K. Program, such as documents related to how Robinhood set fees and interest rates in its Robinhood U.K. Brokerage Cash Sweep Program. (*Id.* at 4.) However, Robinhood asserts that this is a class action regarding Robinhood's "*U.S.-based* deposit sweep program (the "Program") proposing to represent a *U.S.-based* class." (*Id.* at 6.) Robinhood further points out that it has "already produced internal documents comparing the Program to other U.S.-based cash sweep programs and alleged benchmarks like the federal funds rate, as well as internal documents reflecting Robinhood's decision-making process with respect to the U.S.-based Program" and that "[i]f there are documents in the review population comparing the U.S. Program to the U.K. program, those documents will also be produced." (*Id.* at 7.) Robinhood also provides that it has already produced "approximately 10,000 documents to date and anticipates producing tens of thousands more before the March 31 substantial completion deadline." (*Id.* at 6.) The court finds that the U.K. Program, which operates in a different country with a different legal regime and market, is at best tangentially relevant to the claims here. Rule 26(b)(1) requires the court to enter a balancing test including, among other factors, the parties' resources and access to the information, the importance of the discovery at issue, and the "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Considering the

United States District Court
Northern District of California

factors in this rule, as well as the short discovery timeline in this case noted above, the court finds that the request here—which Plaintiffs admit could only be captured in if the scope of discovery is "broad"—is overbroad and burdensome. Accordingly, Plaintiffs' Letter Brief (dkt. 104) is DENIED.

**IT IS SO ORDERED.**

Dated: March 6, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

3